UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


ACQUANETTA S. RICHARDSON,

       Petitioner,

v.                                CASE NO. 6:03-cv-782-Orl-19DAB
                                    (6:00-cr-147-Orl-19DAB)

UNITED STATES OF AMERICA,

       Respondent.

_____

## ORDER

    Defendant filed a Motion for Reduction of Sentence Based on Retroactive Guideline Amendment (Doc. No. 4).  Petitioner seeks a reduction of her sentence based on allegations of ineffective assistance of counsel during sentencing.  In support of the motion, Petitioner further references the amendment to the Federal Sentencing Guidelines for offenses involving crack cocaine.  Respondents filed a response to the motion.  (Doc. No. 6.)

    To the extent Petitioner alleges claims of ineffective assistance of counsel in the instant motion, those claims were either raised or should have been raised in her previous 28 U.S.C. § 2255 motion, which was dismissed with prejudice on December 16, 2004.  *See* Doc. No. 2.  Thus, the present motion is a second or successive application for relief.  Before Petitioner will be permitted to file a second or successive section 2255 motion in this Court, she must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. §§ 2244 and 2255.  Consequently, this

motion will be denied without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that § 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive section 2255 motion. Furthermore, 28 U.S.C. § 2255 also imposes a time limitation on the filing of a section 2255 motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of these provisions.

To the extent Petitioner is seeking a reduction of her sentence based on the amendment to the Federal Sentencing Guidelines for offenses involving crack cocaine, no basis exists to grant relief. Petitioner was not convicted or sentenced for offenses involving crack cocaine, but instead for offenses involving cocaine.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1.     The Motion for Reduction of Sentence Based on Retroactive Guideline Amendment (Doc. No. 4) is hereby **DENIED** without prejudice.

2.     The Clerk of the Court is directed to close this case and to send Petitioner an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence 28 U.S.C. § 2255 By a Prisoner in Federal Custody" form.

**DONE AND ORDERED** in Chambers at Orlando, Florida this __7th___ day of January, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 1/7
Acquanetta S. Richardson
Counsel of Record